Dear Mr. Frey:
This office is in receipt of your request for an opinion of the Attorney General. In particular, you asked the following questions:
 1.) Does federal and state law prohibit tape recording third-party telephone conversations of one spouse by another spouse when the latter spouse is not residing in the marital home, and does so without the knowledge or consent of the former spouse or third party?
 2.) Further, may third parties living within the marital home tape record telephone conversations without a spouse's knowledge or consent?
The questions presented are guided by LSA-R.S. 15:1303, La. Atty. Gen. Op. No. 96-183, 18 U.S.C. § 2511, and Gaubert v.Gaubert, 1999 WL 10384 (E.D. La.).
In answering this very question, the United States District Court for the Eastern District of Louisiana in Gaubert held that, where a spouse, who is no longer residing in the marital home, intentionally and without the consent of the spouse still remaining in the home, places or uses a recording device to tape record conversations made to and from the telephone in the home, he is in violation of 18 U.S.C. § 2511(1), (a), (c), and (d). Louisiana's relevant statute in this matter, patterned after the federal law, is the Electronic Surveillance Act (LSA R.S. 15:1301et seq). The Gaubert court stated that the husband is not absolved of liability under § 2511(1), which prohibits the intentional interception of any "wire, oral, or electronic communication," or the intentional use or disclosure of the contents of such intercepted communication.
Section 2511(2)(d) reads in pertinent part, "It shall not be unlawful under this chapter for a person not acting under the color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or the laws of the United States or any State." As interpreted by the court, none of the six statutory exceptions listed in § 2511, creates an exception for nonconsensual interspousal wiretapping. "The plain language of the statute does not provide a specific exception that would permit one spouse to intentionally intercept and record the private telephone conversations of the other spouse."Gaubert at 1. The court in reaching its decision noted thatSimpson v. Simpson, 490 F.2d 803 (5th Cir. 1974), is distinguishable, wherein the Fifth Circuit expressed reservations about its holding and specifically limited the holding to the facts of that case. In Simpson, the couple was living together in the marital home, and there were no pending divorce proceedings.
Further, La. Atty. Gen. Op. No. 96-183 states, "The statute clearly reads that a party may record another person's conversation as long as one of the parties has consented to the recording. Thus, where there is no consent by either party to the conversation, any recording by a third party is unlawful." Hence this opinion answers your second question, in that any recordings made by a third party without the consent of either party to the conversation is illegal. A copy of that opinion is enclosed for your review.
In conclusion, it is the opinion of this Attorney General that both federal and state laws prohibit one spouse from intercepting telephone communications of the other spouse, absent consent by one party to the conversation. This office further recognizes that La. Atty. Gen. Op. No. 96-183 answered your second question by holding that any recording made by a third party without the consent of either party to the conversation is illegal.
If this office may be of further assistance in the future, please do not hesitate to contact us again. With warmest regards, I remain
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: _______________________________________________ KATHLEEN PETERSEN Assistant Attorney General
OPINION NUMBER 96-183
May 9, 1996
15-A CONSTITUTIONAL LAW 16 CRIMINAL LAW LSA-R.S. 15:1303, 18 U.S.C. § 2511, State v. Reeves, 427 So.2d (La. 1983)
One-party consent to audio taping of conversations is legal under the applicable Louisiana and federal law, as long as the taping is not done for the purpose of committing any criminal, tortious or other injurious act.
President Daniel D. Reneau Louisiana Tech University Post Office Box 3168 Ruston, LA 71272